IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| IN RE: ) | |
| ) | Chapter 13 |
| MARGARET LOUISE COCKHREN, ) | |
| ) | |
| Debtor. ) | Bankruptcy No. 08-01382 |

### ORDER RE: MIDWESTONE BANK'S MOTION TO DISMISS

This matter came before the undersigned on September 22, 2010 for hearing on MidWestOneBank's Motion to Dismiss. MidWestOne Bank was represented by Attorney H. Raymond Terpstra. Debtor Margaret Cockhren appeared without counsel. After hearing the statements of the parties, the Court took the matter under advisement. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

### STATEMENT OF THE CASE

MidWestOne Bank seeks dismissal of this Chapter 13 case for unreasonable delay and material default by Debtor of terms of the confirmed plan. It argues Debtor has failed to comply with the plan regarding the treatment of the Bank's claim. Debtor resists. She acknowledges that unforeseen financial difficulties have resulted in her failure to make some payments. Debtor asserts she has complied with other requirements of the plan.

### FINDINGS OF FACT

Debtor and her husband, James Cockhren, filed their Chapter 13 case on July 2, 2008 through counsel, Attorney Richard Hansen. Mr. Cockhren voluntarily dismissed himself from the case on October 1, 2008. On the petition date, MidWestOne Bank had a foreclosure proceeding pending in Iowa District Court in Black Hawk County. The law firm representing the Bank was not listed on the mailing matrix Debtor filed with her Chapter 13 petition. The Bank, however, sought and received permission to file an untimely objection to Debtor's original Chapter 13 Plan. On September 19, 2008, confirmation of Debtor's original plan

was denied and Debtor was given time to file a modified plan.   After Debtor amended her plan, Debtor's counsel withdrew and Attorney Don Gottschalk appeared on her behalf on November 11, 2008.   Debtor's next amended plan was confirmed on December 15, 2008, with no objection by Trustee and consent filed by MidWestOne Bank.   The Plan proposes to pay the Bank the estimated amount of $110,000 plus 7% interest, plus proceeds from the sale of one of the parcels securing the Bank's claim.   The Bank's proof of claim filed September 18, 2008 states its secured claim was $142,497.25 under a note that was due in full on 12/10/2007, prepetition.

     Debtor sent a letter to the Bankruptcy Court dated March 16, 2009 stating that MidWestOne Bank was not properly crediting her payments as required by the confirmed Plan.   The Bank filed a Motion to Dismiss on March 31, 2009 asserting, in part, that Debtor had failed to comply with provisions of the Plan regarding its secured claim.   The Bank complained that, rather than selling certain property as required by the Plan, Debtor prepared and recorded a deed in lieu of foreclosure. Attorney Gottschalk filed a motion to withdraw as counsel for Debtor.   After hearing, the Court granted the Motion to Withdraw and continued the remaining matters.   Attorney Robert Wright, Jr. appeared on Debtor's behalf on June 11, 2009.

     On July 13, 2009, the Bank filed a Renewed Motion to Dismiss based on the same grounds.   Debtor resisted and filed an Application for Rule to Show Cause, asserting the Bank improperly applied her plan payments to attorney fees, rather than principle and interest.   After hearing, the parties provided the Court with a Stipulated Order resolving their differences regarding the deed in lieu of foreclosure. On October 16, 2009, Debtor amended her Chapter 13 Plan.   This plan was confirmed on November 30, 2009.   In the meantime, Debtor pro se filed a Motion asserting the Bank violated the automatic stay and Attorney Wright filed a Motion to Withdraw as counsel for Debtor.   Debtor's motion was denied and Attorney Wright remained as counsel for Debtor.

     Trustee's most recent Annual Status Report, filed July 21, 2010, states that payments made to Trustee under the plan are current and the minimum unsecured dividend will be 9.8%.   Unsecured claims total approximately $49,863.45.   The plan should be completed by July 2011.   Pursuant to the plan, Debtor must also

make regular monthly payments directly to MidWestOne Bank on its secured claim. The confirmed plan filed October 16, 2009 states, in pertinent part:

> **The Bank's secured claim** as of September 2, 2009 is in the stipulated sum of $149,160.82 net of all credits to the same. The monthly payment amount to be made by the debtor and her spouse to [MidWestOne Bank, or] MWOB is in the initial amount of $1,275.50, of which initial payment has been made as of September 23, 2009. The initial monthly payment consists of a regular monthly payment of interest and principal in the sum of $1,002.50 plus $273.00 for escrow of 1/12th of the annual real estate taxes to equal a total payment of $1,275.50 per month.
>
> **The amortization of the amount** owing the Bank in the sum of $149,160.82 shall be for a term of 30 years with interest at the rate of 7% per annum [on] the sum of $149,160.82 from and after August 25, 2009. The first monthly payment of $1,275.50 shall be paid on or before September 25, 2009, of which initial payment of $1,275.50 has been paid as of September 23, 2009, and a similar monthly payment will be made on the 25th of each month thereafter. The Debtor acknowledges that the escrow for taxes can change going forward and that she is 100% responsible for providing hazard insurance on the Idaho Street and Newell Street properties. The Debtor must have the insurer add MWOB as having an insurable interest, in and to the structures, located at Newell St. and Idaho Street, as the mortgagee. The Debtor authorizes the Bank to confirm that the Bank is listed as having an additional insured interest on the contract. The Debtor will authorize her agent or insurer to add the Bank as a loss payee with insurer interest in the properties. The Debtor has made timely payment of the September 2009 tax installment payment on the Newell and Idaho Street properties with any future tax installment payments being made by MWOB by means of escrow amounts.

Doc. 92, filed October 16, 2009 (emphasis in original).

The confirmation order contains additional language regarding MidWestOne Bank's claim, as follows:

3

>	The debtor's Stipulated Amendments to the Second Amended Chapter 13 Plan are confirmed, subject to the incorporation of the provisions of the debtor's Second Amended Chapter 13 Plan confirmed on December 15, 2008, except as to claim provisions specifically modified by the debtor's Stipulated Amendments to Second Amended Chapter 13 Plan. The ten-year and twenty-year anniversary interest rate adjustment and other claim provisions under the confirmed Second Amended Chapter 13 Plan still apply for the claim treatment of MidWestOne Bank.
>
>	MidWestOne Bank, the debtor, and her spouse, Mr. James Cockhren, have agreed to and shall dismiss all of the respective pending claims against the other Parties in a lawsuit pending in the Iowa District Court in and for Black Hawk County, EQCV104984, **without prejudice**. The parties shall immediately file their respective dismissals without prejudice and copy counsel for the debtor and counsel for the Bank, respectively.

Doc. 111, filed November 30, 2009 (emphasis in original).

	On August 3, 2010, MidWestOne Bank filed the instant Motion to Dismiss. Upon Motion, Attorney Robert Wright, Jr. was allowed to withdraw as counsel for Debtor by Order entered September 21, 2010.   Debtor is now proceeding pro se.

	MidWestOne Bank's motion states Debtor has failed to pay full monthly payments of $1,275.50 due on June 25 and July 25, 2010.  As set out in Exhibits A and B, Debtor paid $600.00 on July 28, 2010 and $600 on September 20, 2010. This caused the escrow account to become underfunded and it now has a shortage of -$577 after payment of property taxes on two parcels.

	Debtor stated at the hearing that she got behind on payments due to financial difficulties.   Her work hours were short in June and July, and she's struggling with her finances.   Debtor made partial payments as she could and she would like the opportunity to keep her house.

	Debtor did not dismiss her Counterclaim against the Bank in EQCV104984 as required by the Plan.   Rather, the Bank filed a Motion to Dismiss Counterclaim

4

which was granted by Order of the Iowa District Court for Black Hawk County filed on September 9, 2010, without objection of Debtor as the Counterclaim Plaintiff. Debtor stated that she thought her previous attorney was going to handle the dismissal of the counterclaim, which is why she asserted no objection to the Bank's Motion to Dismiss Counterclaim.

The Plan also requires Debtor to maintain hazard insurance on two parcels of real estate which secure the Bank's claim. The Bank has received notice that Debtor requested the hazard insurance be cancelled as of October 20, 2010. Debtor stated at the hearing that she got other insurance through State Farm in Waverly, Iowa which was cheaper and payable by the month. She said she did not bring proof of this insurance to the hearing because she didn't know it would be an issue.

The Bank also noted at the hearing that Debtor had failed to promptly turn over tax returns and refunds to Trustee, as indicated in Exhibits D and E, Trustee's letters of November 11, 2009 and June 8, 2010. Debtor stated that she delivered the tax returns requested. She asserted she did not receive refunds but was told they would be applied to back taxes. The Bank also stated that Debtor has recently filed a third Iowa District Court lawsuit against it and one of its employees. Debtor stated that this lawsuit has nothing to do with the bankruptcy or with any stipulations with the Bank in the bankruptcy case.

The Bank seeks dismissal under 11 U.S.C. §§ 1307(c)(1) and 1307(c)(6). It asserts grounds exist to dismiss this case based on Debtor's failure to make the required payments on its claim, cancellation of hazard insurance, and the failure to adequately fund the escrow account, as well as her failure to timely respond to Trustee's requests for tax returns and refunds.

Debtor asks for the opportunity to keep her house. At the hearing, Debtor presented the Court with another modified plan, filed on September 22, 2010 as Docket No. 138. She proposes to pay modified monthly payments of $1,028.78 to the Bank. She amortizes the total debt of $149,160.82 over 30 years with 4.5% interest. This uses the same total debt as the October 16, 2009 plan but lowers the interest rate from 7% to 4.5%. The Bank's Exhibit A sets out that the debt includes a principal balance of $148,289.77 as of the hearing date, plus a total payment required to bring the loan current to 8/25/10 of $2,626.50, plus another regular payment of $1,275.50 due on 9/25/2010.

## CONCLUSIONS OF LAW

MidWestOne Bank requests dismissal of this case under § 1307(c)(1) and (6), which state:

> (c) Except as provided in subsection (e) of this section, on request of a party in interest or the United States trustee and after notice and a hearing, the court may convert a case under this chapter to a case under chapter 7 of this title, or may dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause, including--
>
> (1) unreasonable delay by the debtor that is prejudicial to creditors;
> . . .
>
> (6) material default by the debtor with respect to a term of a confirmed plan;

11 U.S.C. § 1307(c).

Dismissal under § 1307(c) is not automatic; rather, it is a matter of the Court's discretion. In re Henry, 368 B.R. 696, 701 (N.D. Ill. 2007); In re Lilley, 91 F.3d 491, 496 (3d Cir. 1996). Generally, courts will find dismissal appropriate when efforts to cure defaults are unsuccessful and the plan cannot be modified to make completion feasible. In re Grant, 428 B.R. 504, 507 (Bankr. N.D. Ill. 2010). For example, this Court, in In re Cummins, 266 B.R. 852, 857 (Bankr. N.D. Iowa 2001), dismissed a Chapter 13 case where the debtors were in substantial default. It stated:

> As Debtors cannot complete plan payments and since modification is not practicable, the Court concludes that Debtors cannot cure the deficiency in the foreseeable future. The failure to make payments constitutes a material default under § 1307(c)(6) making dismissal appropriate.

Id.

6

Section 1327(a) states that a confirmed Chapter 13 plan binds the debtor and each creditor. "An unappealed, confirmed plan is res judicata, and its terms are not subject to collateral attack." In re Russell, 386 B.R. 229, 231 (B.A.P. 8th Cir. 2008).

Based in part on the binding effect of confirmed plans, many courts hold that post-confirmation plan modifications are permitted only when there has been a change in circumstances. In re Bailey, 425 B.R. 825, 827 (Bankr. D. Minn. 2010); 11 U.S.C. § 1329(a). "To avoid the preclusive effect of the principle of res judicata, the modification should be necessitated by an unanticipated substantial change in circumstances affecting the debtors' ability to pay." Id. (noting the Eighth Circuit has not yet directly faced the issue); In re Clevenger, 430 B.R. 538, 541 (Bankr. W.D. Mo. 2009) (same); In re Ireland, 366 B.R. 27, 33 (Bankr. W.D. Ark. 2007) (same); In re Dunlap, 215 B.R. 867, 869 (Bankr. E.D. Ark. 1997) (same); but see In re Jellings, No. 94-51864, slip op. at 5 (Bankr. N.D. Iowa Feb. 5, 1996) (holding debtors need not show material or substantial, unanticipated change in circumstances to modify Ch. 12 plan). One Circuit Court has adopted this position. In re Murphy, 474 F.3d 143, 150 (4th Cir. 2007) (noting that first determining if the debtor experienced a substantial and unanticipated change in post-confirmation financial condition will inform the bankruptcy court on the question of whether the doctrine of res judicata prevents modification of the confirmed plan). Others have refrained from adopting the "substantial and unanticipated change" test. See In re Meza, 467 F.3d 874, 877-78 (5th Cir. 2009); Barbosa v. Solomon, 235 F.3d 31, 41 (1st Cir. 2000); In re Witkowski, 16 F.3d 738, 746 (7th Cir. 1994).

In In re Jourdan, 108 B.R. 1020, 1022 (Bankr. N.D. Iowa 1989) (Melloy, C.J.), this Court stated that § 1329 contains no requirement of a showing of cause for the modification of a plan. It then considered whether a debtor could be precluded from seeking modification on the principles of res judicata. Id. The Court allowed the Chapter 13 plan modification after noting that an applicable intervening legal decision, clarifying existing law, created an altered situation, making a res judicata defense inapplicable. Id. The court in In re Storey, 392 B.R. 266, 272 (B.A.P. 6th Cir. 2008), reviewed recent cases considering the requirement of changed circumstances for a post-confirmation Ch. 13 plan modification. It concluded that: "[Section] 1327 precludes modification of a confirmed plan under § 1329 to address issues that were or could have been decided at the time the plan was originally

7

confirmed." Id. As a practical matter, this limits modifications under § 1329(a) to matters that arise post-confirmation. Id.

Under § 1329(b)(1), debtors must meet the general requirements of plan confirmation when seeking to modify the plan post-confirmation. In re Ludwig, 411 B.R. 632, 635 (Bankr. N.D. Iowa 2008). These requirements include feasibility, or the ability of the debtors to make all payments under the plan and to comply with the plan. Id.; 11 U.S.C. § 1325(a)(6). In addition, §§ 1322(a), 1322(b), 1323(c) and other requirements of § 1325(a) apply to plan modifications under § 1329(a). See, e.g., In re Guernsey, 189 B.R. 477, 481 (Bankr. D. Minn. 1995) (noting requirement of good faith applies to Chapter 13 plan modification).

## ANALYSIS

This case was filed more than two years ago. During that time, MidWestOne Bank's secured claim has increased from approximately $142,000 to more than $149,000. Under § 1307(c)(1), the Court may dismiss a Chapter 13 case for unreasonable delay that is prejudicial to creditors. Generally, a creditor would reasonably expect that a secured claim would decrease rather than increase while debtors are operating under a confirmed Chapter 13 plan. Obviously, that has not happened in this case. MidWestOne Bank has been delayed from enforcing its secured claim for more than three years while the amount of the claim continues to increase. In its discretion, this Court could conclude that the Bank has been prejudiced by unreasonable delay by Debtor.

Debtor has failed to comply with significant provisions of her confirmed Chapter 13 plans in the past and has now become more than three months in arrears in payments to the Bank. Debtor violated the plan by failing to timely turn tax returns and refunds over to the Chapter 13 Trustee. Apparently, she has now cured this default.

Initially, Debtor's Plan provided for the sale of one of the parcels securing the Bank's claim. Instead, Debtor executed and recorded a deed in lieu of foreclosure, which was subsequently invalidated by agreement of the parties through a stipulated order. This stipulation, and the parties' final agreement regarding the amount of the Bank's secured claim in the final confirmed plan, occurred after Debtor's third attorney appeared in this case and were doubtless the result of varied and protracted

negotiations. Debtor also filed documents and motions without counsel which were unavailing.

Debtor now proposes to modify the plan to reduce her monthly payments to the Bank and the interest rate. Except for reference to a shortage of hours in June and July, the record does not show that Debtor's financial circumstances have changed since the final plan was confirmed. The confirmed plan binds Debtor and the Bank. There have been no changes in applicable law since the plan was confirmed. Debtor attempts to reduce the interest payable to the Bank to a rate inconsistent with that included in her confirmed plan. She seeks to use the modification process to negate the bargain to which she and the Bank previously agreed and which the Court approved in the confirmation order.

Based on the foregoing, the Court concludes, in its discretion, that this case should be dismissed. Debtor's conduct in this proceeding has caused unreasonable delay which is prejudicial to MidWestOne Bank's interests. This case has consisted of a continual process of negotiation and re-negotiation, followed by failures by Debtor to abide by the Plan. Viewed in light of Debtor's previous violations of the confirmed plans, her failure to make payments to MidWestOne Bank in recent months constitutes material default under § 1307(c)(1). Debtor's proposed reduction of monthly payments and interest rate payable to the Bank improperly violates the § 1327(a) binding effect of the final confirmed plan. Debtor has not been able to cure the payment defaults and the possibility of her proposing a feasible modified plan are remote, at best, considering her inability to comply with confirmed plans in the past.

**WHEREFORE**, MidWestOne Bank's Motion to Dismiss is GRANTED.

**FURTHER**, this case is DISMISSED.

Dated and Entered:

October 7, 2010

*[signature]*

PAUL J. KILBURG
U.S. BANKRUPTCY JUDGE